UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ROXANNE THERIOT AND KEVIN THERIOT** | **CIVIL ACTION NO:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **WALMART STORES, INC. AND JANE DOE** | **MAGISTRATE** _____ <br> **Jury Trial Requested** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL AND DEMAND FOR TRIAL BY JURY

WALMART INC., formerly known as Wal-Mart Stores, Inc., and JANE DOE, defendants in the state court suit brought by plaintiffs in the suit entitled "Roxanne Theriot and Kevin Theriot v. Wal-Mart Stores, Inc. and Jane Doe," Docket No. 135,784 E of the 16th Judicial District Court, Parish of St. Mary, Louisiana, files this Notice of Removal of this case from the 16th Judicial District Court for the Parish of St. Mary, Louisiana, in which it is now pending to the United States District Court for the Western District of Louisiana.

1.

This case was commenced in the 16th Judicial District Court for the Parish of St. Mary, Louisiana, on May 19, 2021, as shown by a copy of the Petition for Damages, attached hereto as Exhibit "A."

2.

Since plaintiffs did not state in their original Petition for Damages whether the matter in controversy exceeds $75,000, defendant served Request for Admissions asking that they admit or deny that the amount in controversy arising out of the incident which occurred on July 13,

2021, which is the subject of the captioned matter, exceeds the sum of $75,000, exclusive of interest and cost, a copy attached as Exhibit "B."

3.

Defendant received a response to the Request for Admissions admitting that the amount in controversy does exceed $75,000, exclusive of interest and costs, on July 15, 2021, a copy attached as Exhibit "C." Since that time, no other process, pleadings or orders have been served on defendant.

4.

Plaintiffs' action is one of a civil nature in which the matter in controversy is in excess of $75,000, exclusive of interest and costs, for injuries allegedly received when, according to plaintiffs' petition, on July 13, 2021, Roxanne Theriot tripped due to an unsecured rug that was bunched up and wrinkled at Walmart store #540 located on U. S. Highway 90 East in Morgan City, Louisiana, causing her to fall and injure herself sustaining serious personal injuries resulting in past and future physical and mental pain and suffering, past and future loss of enjoyment of life, past and future disability, permanent disfigurement, permanent disability, scarring, medical expenses and life care costs both past and future, and her husband, Kevin Theriot, has suffered loss of consortium, companionship, society and support.

5.

According to her medical record of Dr. Jason A. Higgins dated September 10, 2021, attached as Exhibit "D," plaintiff underwent an MRI of her right shoulder and the impression was complete rotator cuff tear or rupture of the right shoulder. Dr. Higgins indicates that she does need surgery which will include a right shoulder scope with foreign body removal including pulled out anchor and sutures, revision rotator cuff repair of the supra and infraspinatus tendon, biceps tenotomy and

revision decompression. Although we have not received the reports, we are of the impression plaintiff has undergone shoulder surgery. As per the attached Medical Expense Itemization of Roxanne Theriot (Exhibit "E") we have received medical bills which total $29,302.76. Assuming she had undergone the shoulder surgery, we anticipate receipt of additional medical expenses.

Damages award for shoulder injuries with surgery range from $40,000 to $150,000. $40,000 was awarded in *Maddox v. Bailey*, 146 So.3d 590, (1st Cir. 2014), for arthroscopic surgery to repair a torn labrum in addition to epidural steroid injections which resolved low back and neck injuries. $150,000 was awarded for a labral tear with arthroscopic surgery, major rotator cuff tear and probable future surgery in *Quinn v. Wal-Mart Stores, Inc.*, 774 So.2d 1093 (2nd Cir. 2000). $55,000 was awarded in *Peoples v. Fred's Stores of Tennessee*, 38 So.3d 1209 (3rd Cir. 2010), for a woman who injured her shoulder and underwent injections and arthroscopic surgery which caused a "frozen shoulder" which ultimately resolved after physical therapy. $65,000 was awarded to a 61 year old man who sustained rotator cuff shoulder injury with arthroscopic shoulder surgery in *Ezernack v. Progressive Sec. Ins. Co.*, 899 So.2d 870 (3rd Cir. 2005). $75,000 was awarded to a 50 year old who incurred a torn rotator cuff which required surgery in *Butcher v. Mount Airy Ins. Co.*, 741 So.2d 745 (3rd Cir. 1999). $76,000 was awarded in *Pierce v. Milford*, 688 So.2d 1093 (3rd Cir. 1996), for arthroscopic shoulder surgery with an impairment. $125,000 was awarded for a severe rotator cuff injury with surgery and a good result in *Selico v. Intercontinental Bulktank Corp.*, 733 So.2d 1240 (4th Cir. 1999). $75,000 was awarded for a partial rotator cuff tear, synovitis and arthroscopic surgery in *Younce v. Pacific Gulf Marine, Inc.*, 817 So.2d 255 (5th Cir. 2002).

6.

Defendant will be contesting the liability and damage aspect of this case and the causal relationship of some of the plaintiff's complaints to the accident in question. Defendant will be

questioning the nature and extent of the plaintiff's complaints and treatment. Defendant does not state in this Removal pleading, nor does defendant intend to argue at trial or post trial, that plaintiffs are entitled to any amounts, much less an amount greater than $75,000. However, that does not mean that the matter in controversy as claimed by plaintiffs does not exceed the sum or value of $75,000. It is anticipated, based upon plaintiffs' discovery response, that plaintiffs will attempt to recover an amount in excess of $75,000. Defendant dispute that the plaintiff's injuries are as severe as she claims. However, the issue is what is the amount in controversy. The amount in controversy should be determined by the greatest amount the plaintiffs could reasonably attempt to recover at trial. If for any reason plaintiffs were to oppose this Removal and if the court was to remand the case to state court, we would respectfully request that this court enter an order preventing the plaintiffs from attempting to recover any amounts in excess of $75,000 at any subsequent state court trial. Otherwise, defendant would be barred from trying the case in federal court while the plaintiffs could attempt to recover an unlimited amount of damages in state court.

The said civil action as against the removing defendant is one in which the District Courts of the United States have original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, et seq., by virtue of the fact that at the time of the commencement of this action, and at all times since that time, plaintiffs are residents of and domiciled in the Parish of St. Mary, Louisiana (as shown by the Petition for Damages, Exhibit "A"); and Walmart Inc., is a Delaware corporation with its principal place of business in the State of Arkansas (as shown by Exhibit "F" attached hereto) and by virtue of the fact that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. With regard to defendant, Jane Doe, pursuant to 28 U.S.C. §1441 (a), "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be

disregarded."

7.

Upon the filing of this Notice of Removal, written notice thereof is hereby given to all adverse parties, and a Notice of Removal is being filed with the Clerk of the aforesaid state court to affect the removal of the said civil action as against the removing defendant, all as provided for by law.

8.

This cause is specifically removable to this Honorable Court pursuant to law, particularly the provisions of 28 U.S.C. §1441, et seq.

9.

Defendant reserve all rights to object to the jurisdiction of the state court proceedings should this court ultimately hold that this action was not removable or improperly removed thereto.

10.

In defendant's original Answer, we specifically reserved its right to request a trial by jury in the event the plaintiffs' cause of action exceeded the sum or value of $50,000. As a result of the Plaintiff's Responses to Defendants Request for Admission and as a result of removal of this matter to federal court, defendant is entitled to and specifically requests a trial by jury on all issues filed herein or to be filed hereinafter.

WHEREFORE, premises considered, defendant prays that this Notice of Removal be accepted as good and sufficient, and that the aforesaid civil action be removed from the 16th Judicial District Court for the Parish of St. Mary, Louisiana, and into this Court for trial and determination as provided by law, particularly 28 U.S.C. §1441, et seq., and thereupon to proceed with said civil

action as though originally commenced in this court and for all orders and decrees as may be necessary or appropriate in such cases made and provided. Defendant further prays for a trial by jury on all issues filed herein or to be filed hereinafter.

        Respectfully submitted,

        SWIFT & RHOADES, L.L.P.

        By _____
           JOHN G. SWIFT (#12612)
           DONNA R. MOLIERE (#01492)
           930 Coolidge Boulevard
           P.O. Box 53107
           Lafayette, LA 70505-3107
           (337) 572-9877 - Fax (337) 572-9737
           jswift@swiftrhoades.com
        ATTORNEYS FOR DEFENDANT, WALMART INC.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ROXANNE THERIOT AND KEVIN THERIOT | CIVIL ACTION NO: _____ |
| VERSUS | JUDGE _____ |
| WALMART STORES, INC. AND JANE DOE | MAGISTRATE _____ Jury Trial Requested |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, personally came and appeared JOHN G. SWIFT, of lawful age, being duly sworn upon his oath, says that he has prepared and read the foregoing Notice of Removal and that the matters contained therein are true and correct to the best of his knowledge, information and belief and that a copy of the removal has been forwarded to the attorney for plaintiffs by depositing same in the U.S. mail, postage prepaid and properly addressed.

_____
JOHN G. SWIFT

SWORN TO AND SUBSCRIBED before me this 2nd day of August, 2021.

_____
ELIZABETH B. COLE
NOTARY PUBLIC
Notary Identification No. 13315