| | |
|---|---|
| ROXANNE THERIOT and KEVIN THERIOT | 16th JUDICIAL DISTRICT COURT |
| VERSUS | DOCKET NO. 135784 DIV. "E" |
| WALMART STORES, INC. and JANE DOE | ST. MARY PARISH, LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come ROXANNE THERIOT and KEVIN THERIOT, persons of the full age of majority and residents and domiciliaries of St. Mary Parish, State of Louisiana, who respectfully represent:

1.

Made defendants herein are:

A. WALMART, INC., a foreign corporation licensed to do and doing business within the State of Louisiana; and

B. JANE DOE, believed to be a resident of the State of Louisiana, and who was employed by WALMART, INC. at the time of the subject incident described herein.

2.

On or about July 13, 2020, petitioner, ROXANNE THERIOT, was a customer at a WALMART, INC. store located at 973 Highway 90 E, Morgan City, LA 70380 (hereinafter referred to as "the Walmart store").

3.

At all times relevant herein, the Walmart store located at 973 Highway 90 E, Morgan City, LA 70380 was owned, operated, controlled, and/or managed by named defendant, WALMART, INC.

4.

On the date in question, petitioner was shopping in the subject Walmart store when she tripped and fell due to a hazardous condition in the walkway. Specifically, her fall was caused when her foot struck an unsecured rug that was dangerously bunched up and wrinkled in such a manner that it created a tripping hazard for petitioner and other patrons.

5.

The sole and proximate cause of petitioner's accident was the negligence, fault, and/or strict liability of WALMART, INC. and/or its employees in creating the hazardous condition, failing to timely detect the hazardous condition, and/or otherwise failing to maintain the store

EXHIBIT A

premises in a reasonably safe condition; further, WALMART, INC. and/or its employees created and/or had actual or constructive knowledge of the hazardous condition and failed to exercise reasonable care under the circumstances.

6.

Petitioner's fall in the Walmart store was caused by the negligence and fault of WALMART, INC. and/or its employees (including but not limited to JANE DOE) in the following non-exclusive particulars:

a. In failing to keep and maintain the premises in a reasonably safe condition and free from all hazards which would render it dangerous and unsafe or present an unreasonable risk of harm to the petitioner or any other patron;

b. In failing to properly notify the petitioner or any other patron of a hazardous condition it knew or should have known existed;

c. In failing to warn the petitioner or any other patron of danger after actual notice of a hazardous condition on the floor;

d. In failing to exercise reasonable care to protect or warn the petitioner or any other patron of unreasonable risks of harm in the store which may cause injury;

e. In having actual and/or constructive knowledge of a hazardous condition and failing to exercise reasonable care to make its aisles and walkways free from hazards;

f. In failing to detect and remedy the hazardous condition in a timely manner;

g. In failing to properly supervise and train its employees to detect and remedy known hazards;

h. In failing to properly train its employees to warn of danger after notice of hazardous conditions;

i. In creating the hazardous condition; and

j. Any and all other acts of negligence and/or fault to be shown at the trial of this matter.

7.

At all times pertinent hereto, JANE DOE was acting in the course and scope of her employment with WALMART, INC. and, as the employer of JANE DOE, WALMART, INC. is liable *in solido* with JANE DOE.

8.

In the alternative, WALMART, INC. is vicariously and legally liable for any acts and/or omissions committed by JANE DOE that are the cause of the above describe incident and any and all damages and injuries sustained by petitioners herein. *See* Article 2317 & 2320 of Louisiana Civil Code.

9.

As a result of the above, petitioner, ROXANNE THERIOT, sustained serious personal injuries that resulted in past and future physical and mental pain and suffering, past and future loss of enjoyment of life, past and future disability, permanent disfigurement, permanent disability, and scarring, which has necessitated that she incur medical expenses and life care costs both past and future, all of which entitles her to recover a sum reasonable in the premises.

10.

As a result of the above-described injuries to his wife, KEVIN THERIOT has suffered a loss of consortium, companionship, society and support, all of which entitles him to recover a sum reasonable in the premises.

WHEREFORE, premises considered, petitioners, ROXANNE THERIOT and KEVIN THERIOT, prays that the defendants, WALMART, INC. and JANE DOE, be served with a copy of this petition and be cited to appear and answer same, and after due proceedings had, there be judgment herein in favor of petitioners, ROXANNE THERIOT and KEVIN THERIOT, and against defendant, WALMART, INC. and JANE DOE, jointly, separately, and *in solido*, in an amount to be determined at trial, together with legal interest from date of judicial demand until paid, for all costs of these proceedings, and all other equitable relief available under the law.

Respectfully submitted,

BROUSSARD & DAVID, L.L.C.

_____
Blake R. David (No. 27427)
Robert B. Brahan, Jr. (No. 31390)
557 Jefferson Street
Post Office Box 3524
Lafayette, Louisiana 70502-3524
(337) 233-2323 - Telephone
(337) 233-2353 - Fax
ATTORNEYS FOR PLAINTIFFS,
ROXANNE THERIOT and
KEVIN THERIOT

**CLERK'S OFFICE, FRANKLIN, LA**

MAY 2 0 2021

A true copy of the original

Attest _____
Dy. Clerk of Court

**PLEASE SERVE:**

WALMART, INC.
Through Agent for Service of Process
C/o C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

A FACSIMILE OF THIS PLEADING
WAS RECEIVED AND FILED ON

MAY 17 2021    RECEIVED AND FILED

MAY 19 2021

s/Jennifer R. Splane
DY. CLERK OF COURT